# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SALDIVAR, | Case No.  1:11-cv-02107-LJO-SAB |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S SOCIAL SECURITY APPEAL BE GRANTED AND REMANDING FOR FURTHER DEVELOPMENT OF RECORD** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (ECF Nos. 19, 22, 25) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Plaintiff Sylvia Saldivar ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act.  This matter was submitted to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 303.

For the reasons set forth below, the undersigned recommends that Plaintiff's social security appeal be granted and that this action be remanded to the Commissioner for further proceedings consistent with this opinion.

///

///

# II.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff protectively applied for supplemental security income on April 30, 2008, alleging that she was disabled. (AR 20.) Plaintiff's claim was initially denied on July 17, 2008, and denied upon reconsideration on March 20, 2009. (AR 20.) Plaintiff requested and received a hearing before ALJ Daniel G. Heely on May 4, 2010. (AR 34-58.) On July 19, 2010, the ALJ found the Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (AR 30.) The Appeals Counsel declined Plaintiff's request for review on June 28, 2011 and October 27, 2011. (AR 1-10.) Plaintiff filed the instant action on December 21, 2011. (ECF No. 1.)

## A. Plaintiff's Hearing Testimony

Plaintiff appeared at the hearing without counsel and freely and knowingly gave up her right to have an attorney at the hearing. (AR 37-38.) Plaintiff was born on May 17, 1965. (AR 39.) Plaintiff completed the eleventh grade. (AR 39.) In 2009, Plaintiff worked for SyQuest handling computer chips and earned $11,544, which was reported as self-employment income. (AR 39.) Plaintiff states that the last time she worked was in 2001. (AR 43.)

Plaintiff lives at home with two of her children, ages 15 and 21, and two grandchildren, ages 10 months and 2 years. (AR 49-50.) Plaintiff does not take care of the grandchildren because she cannot carry them for very long and cannot "focus right." (AR 50.) Plaintiff takes care of her garden, does light housework and cooking, and watches television for about fifteen hours a day. (AR 50-52). Plaintiff does not go to any activities outside of her home and does not go out to eat. (AR 51.) Plaintiff has never had a driver's license and does not drive. (AR 51.) Plaintiff walks to the store and if she needs to go somewhere farther she gets a ride. (AR 52.)

Plaintiff has difficulty lifting, bending, or buttoning her clothing due to her fingers getting stuck. (AR 52.) Plaintiff is afraid to bend her fingers because she might break them. (AR 52.) Plaintiff's fingers get sore and tender from the osteoarthritis and if anyone hits the tip of her finger it "hurts really bad." (AR 53.) Plaintiff states that she cannot walk very long or very far because

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). (See ECF No. 14.)

2

of her osteoporosis and arthritis. (AR 43.) Plaintiff receives treatment at the Golden Valley Health Center. (AR 43.) Plaintiff takes medication that helps her "somewhat." (AR 45.) Plaintiff states that the Celexa makes her "kind of nauseated." (AR 45.) Plaintiff denies smoking, alcohol use, or use of illegal drugs. (AR 45.) Plaintiff is not on probation or parole. (AR 45.) Plaintiff had a total hysterectomy approximately eight years ago. (AR 45-46.) Plaintiff goes to the hospital a lot and they are unable to determine what is wrong with her. (AR 46.) On April 10 Plaintiff was in the hospital for five days because she was throwing up. (AR 48.) She has been told that she has polyps. (AR 46.) Plaintiff is right handed and has had carpal tunnel surgery on her right hand. (AR 47.) At the time of the hearing, Plaintiff was wearing a brace on her left wrist for carpal tunnel and needs surgery. (AR 47.)

Plaintiff seeks a psychiatrist at Golden Valley Health Center for depression and anxiety. (AR 48.) Plaintiff gets depressed and anxious because two of her family members have died and her brother has brain cancer. (AR 49.)

### B. Vocational Expert's Hearing Testimony

Steven Schmidt, a vocational expert ("VE"), also testified at the hearing. The VE testified that, over the prior fifteen years, Plaintiff had worked as a sales attendant, cashier, hand packer, and teacher's aide. (AR 54.) Plaintiff had not acquired any transferable skills other than basic educational activities to help teachers. (AR 54.) The VE was asked to opine about the job prospects of an individual with several hypothetical limitations. First, the VE was asked a hypothetical with the following limitations:

A person of claimant's age, education, and work history;

Able to sit, stand and/or walk less than two hours each in a normal work day;

Able to lift less than 10 pounds occasionally;

Never climb, balance, stoop, kneel, crouch, crawl or work around hazards;

Would need numerous unscheduled rest breaks; and

Would not have even simple routine task concentration.

(AR 55.) The VE opined that there would be no full-time jobs that could be done by this individual. (AR 55.) The VE was presented with a second hypothetical.

1      A person of claimant's age, education, and work history;

2      Simple routine tasks could be done;

3      Able to sit, stand and/or walk six out of eight hours each with normal breaks;

4      Able to lift or carry 50 pounds occasionally, and 25 pounds frequently;

5      Never climb ladders, ropes or scaffolds;

6      Occasionally climb ramps or stairs; and

7      Never work around hazards.

(AR 55.) The VE opined that this individual could perform Plaintiff's previous jobs as a sales attendant, cashier, or hand packer. (AR 55.) Additionally, this individual could work as a dishwasher or cleaner. (AR 55-56.)

     The ALJ then presented a third hypothetical with the following limitations:

     A person of claimant's age, education, and work history;

     Able to sit, stand and/or walk six out of eight hours each with normal breaks;

     Able to lift or carry 20 pounds occasionally, and 10 pounds frequently;

     No ladders, ropes, scaffolds, or hazards like moving dangerous machinery, or unprotected heights;

     Could occasionally reach above the head bilaterally with the upper extremities;

     Could frequently, but not constantly, engage in fine fingering or gross handling; and

     Could perform simple tasks.

(AR 56.) The VE opined that this individual could not perform any of Plaintiff's prior work, but would be able to perform unskilled labor such as an information clerk (17,000 jobs in national economy) or parking attendant (12,000 jobs in national economy). (AR 56-57.)

     Finally, the VE was asked if the individual would miss more than three days per month being home or would have to leave early three or more days per month, due to illness, without their boss's permission if there would be any full-times jobs available. (AR 57.) The VE opined there would not be jobs available for this person. (AR 57.)

     Plaintiff was advised she should send any further records by May 14 and if she needed help or was unable to provide the records by that date to contact the ALJ's office. (AR 57-58.)

4

### C. Medical Record

The entire medical record was reviewed by the Court.[2] (AR 173-767.) The medical evidence will be referenced below as necessary to this Court's decision.

### D. ALJ Findings

Using the Social Security Administration's five-step sequential evaluation process, the ALJ concluded that Plaintiff was not under a disability within the Social Security Act since April 30, 2008. (AR 20, 30.) At step one, the ALJ reserved the issue of whether Plaintiff has engaged in substantial gainful activity since April 30, 2008, the application date. (AR 22) At step two, the ALJ found that the claimant has the following severe impairments: osteopenia and osteoarthritis. (AR 22.) At step three, the ALJ determined that the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (AR 24.)

At step four, in considering Plaintiff's residual functional capacity, after carefully considering the entire record, the ALJ found that:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can sit, stand and/or walk 6[-]hours in an 8-hour workday with normal breaks, in jobs involving no climbing of ladders, ropes[,] scaffolds or hazards such as moving dangerous machinery or unprotected heights. In addition, the claimant can occasionally reach above the head bilaterally with the upper extremities and can frequently[,] but not constantly[,] engage in fine fingering but has no limitations in gross handling, and should work in jobs involving simple routine tasks.

(AR 24.) The ALJ then determined that the claimant is unable to perform any past relevant work. (AR 28.)

At step five, the ALJ found that the claimant was born on May 17, 1965, and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed. (AR 29.) The claimant has limited education and is able to communicate in English. (AR 29.)

---

[2] The Court notes that the medical records contain duplicate, and some triplicate copies of the same records. Any citation to the medical record will reference only the first copy of the document in the administrative record.

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (AR 29.) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (AR 29.) Ultimately the ALJ determined that the claimant has not been under a disability, as defined in the Social Security Act, since April 20, 2008, the date the application was filed. (AR 30.)

## III.

## LEGAL STANDARD

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

///

# IV.

# DISCUSSION AND ANALYSIS

Plaintiff alleges that the ALJ erred by failing to develop the mental health record and not finding Plaintiff disabled to a mental disability, failing to obtain a full treating source opinion, failing to consider the evidence of Plaintiff's hand and wrist limitations, and failing to fully and fairly assess Plaintiff's credibility.

Defendant argues that the ALJ reviewed the medical record, which included the opinions of two examining and two reviewing physicians, and found they contained little evidence of disability. The ALJ took a balanced approach and found a RFC between the conflicting opinions which was reasonable and should be affirmed. The ALJ reviewed Plaintiff's subjective complaints and found that her claims were internally inconsistent with Plaintiff's admissions regarding her activities, and noted inconsistencies in Plaintiff's statements about her drug use and a positive drug test. Finally, Plaintiff's consultive examiner found that Plaintiff was not a credible historian and deliberately gave false answers, finding evidence of exaggeration and manipulation. Defendant argues the ALJ properly found Plaintiff not credible.

Defendant also claims that the medical records were properly considered and Plaintiff was given multiple opportunities to develop the record. The ALJ gathered records from Plaintiff's treating physicians, scheduled a consultive examination which Plaintiff failed to show up for, and rescheduled the consultive examinations. The ALJ accepted evidence provided by Plaintiff's counsel and found the evidence did not present reason to review the decision. Defendant contends that the ALJ's decision was supported by substantial evidence and free from legal error and Plaintiff's appeal should be denied.

Plaintiff replies that rejection of portions of Dr. Naraghi's opinion was unacceptable, Plaintiff's daily activities do not support the findings, the fact that Dr. Smith found Plaintiff to be a poor historian supports Plaintiff's claims of mental disability, and the reliance primarily on Dr. Smith's findings is not supported by the evidence.

**A.  Whether the ALJ Failed to Properly Develop Record**

Plaintiff alleges that the ALJ failed to develop the record in regards to Plaintiff's mental

health treatment. The claimant has the duty to prove that she is disabled. 42 U.S.C. § 423(c)(5)(A). The ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). The ALJ must be especially diligent when the claimant is unrepresented. McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) "[W]here the claimant is not represented, it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992) ( quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)). The ALJ may discharge this duty by subpoenaing or submitting questions to the claimant's physician, continuing the hearing, or keeping the record open after the hearing to allow the claimant to supplement the record. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Further, the ALJ's duty to fully develop the record is heightened where the claimant may be mentally disabled and, therefore, unable to protect her own interests. Higbee, 975 F.2d at 562.

Here, Plaintiff represented herself at the hearing and was alleging that she had a mental disability, therefore, the ALJ had a heightened duty to fully develop the record and protect Plaintiff's interests. Higbee, 975 F.2d at 561-562. During the hearing, Plaintiff informed the ALJ that she had received additional medical and mental health treatment since her records had been submitted. The ALJ was aware that those records were not before him at the hearing. The ALJ left the hearing open for thirty days to allow Plaintiff to submit the additional records. Although the ALJ left the record open for Plaintiff to submit additional medical records, Plaintiff did not provide any additional records prior to the decision being issued.

The ALJ has a duty to further develop the record where the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ's decision was entered on July 19, 2010. At that time, Plaintiff contends that the medical records considered by the ALJ only included those records through Exhibit 14F, which are substantially all of Plaintiff's medical treatment through January 7, 2009.

Specifically, the Court shall address two of the ALJ's findings. First, the ALJ denied Plaintiff's mental health claim finding the initial diagnosis was made by a licensed social worker during an initial exam that is not an acceptable medical source. The ALJ was aware that Plaintiff had been initially assessed for mental health issues in January 2009, and that Plaintiff had been seeing a psychiatrist for the year and one half prior to the hearing. Because Plaintiff did not submit the records, the ALJ did not have any of Plaintiff's mental health records to review prior to issuing the decision. Upon review of these records, Plaintiff was initially seen by Dr. Akhbarati on December 29, 2009, and diagnosed with post traumatic stress disorder and an unspecified mood disorder. (AR 384-386.) Plaintiff had additional visits with Dr. Akhbarati on January 11, 2010; February 4, 2010; March 4, 2010; May 3, 3010; and June 17, 2010. (AR 387-389, 392-394, 398-400, 402-404, 407-409.) None of the records for these visits were before the ALJ for his consideration prior to his issuing the decision in this matter.

Secondly, the ALJ based his decision on the findings of Dr. Smith that Plaintiff was not a credible historian and was deliberately giving false answers during the mental health exam. Dr. Smith found that Plaintiff did not appear to be genuine or truthful, and there was evidence of exaggeration and manipulation during the interview. However, Dr. Smith and the ALJ did not have access to Plaintiff's current medical and mental health records which could have explained some of these observations. Because the record before the ALJ was insufficient to allow for proper evaluation of the evidence, the failure to review Plaintiff's current medical and mental health records was prejudicial to Plaintiff.

Although Defendant argues that the ALJ properly considered the medical opinions, it is clear that the ALJ did not have records of any medical or mental health treatment after February 2009 at the time the decision was issued. Following the denial of Plaintiff's request for benefits, on September 20, 2010, Plaintiff's counsel provided the appeals office with medical reports from the Stanislaus County Health Services Agency, dated May 7, 2009 through November 9, 2009. (AR 339-344.) These records relate to Plaintiff's carpal tunnel surgery on her right hand. On this same date, Plaintiff's counsel also supplied medical records from Plaintiff's treating providers for the time period from January 7, 2009 through July 28, 2010. (AR No. 366-432.) These records

contain the medical and mental health treatment records for the year and one half prior to the hearing date. When the appeals counsel considers new evidence in deciding whether to review the ALJ's decision, that evidence becomes part of the record which the district court must consider in determining if there was substantial evidence for the ALJ's decision. Brewes v. Commissioner of Social Security, 682 F.3d 1157, 1163 (9th Cir. 2012).

The denial of Plaintiff's appeal on June 28, 2011, did address the fact that Exhibit 18F, an analysis by Dr. Garcia dated October 26, 2010, did not refer to a specific time period (AR 435-439), and Exhibit 19F, medical records from December 19, 2010 through June 6, 2011,[3] (AR 439-491) was an initial assessment made after the date of the decision of the administrative law judge. (AR 8-9.) However, none of Plaintiff's later submitted medical records were discussed by either the ALJ or the appeals examiner. The decision issued here does not address the underlying medical records for the year and one half prior to the hearing which were submitted after the decision was issued and were incorporated into the record on appeal. In this instance, the Court finds that the record was not fully developed prior to the issuance of the decision to assure that the claimant's interests were considered. Widmark, 454 F.3d at 1068.

### B. Whether the Decision is Supported by Substantial Evidence

Additionally, Plaintiff alleges that the ALJ erred by failing to find Plaintiff disabled due to her mental disability, failed to consider her hand and wrist limitations, and failed to fully and fairly access Plaintiff's credibility. A treating physician's opinion is entitled to greater weight than that of a non-treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted by another doctor, it may be rejected only for "specific and legitimate reasons" supported by substantial evidence in the record. Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1198 (9th Cir.) (quoting Bayless v. Barnhart, 427 F.3d 1121, 1216 (9th Cir. 2005)). Since the ALJ did not have access to Plaintiff's current medical and mental health records, the decision did not set forth specific and legitimate reasons to reject contradictory opinions contained in the record.

---

[3] The Court notes that a number of these records are duplicative. For example, three copies of Dr. Edwards progress notes for June 6, 2011 are included. (*See* AR 441-443, 450-453, 454 -457, 491.)

The ALJ relied on the opinion of consultive examiner, Dr. Smith, that Plaintiff was deliberately giving false answers during her mental health evaluation to determine Plaintiff's credibility regarding her symptoms and limitations. The medical and mental health records which have been incorporated into the record upon appeal contain the opinions of Plaintiff's treating physicians which were not considered by the ALJ because they were not before him. Upon review of the entire record, the Court finds that the decision of the ALJ is not supported by substantial evidence because it does not consider the opinions of Plaintiff's treating physicians.

### C.   Whether Remand is Appropriate

The Court has the discretion to remand a case for either an award of benefits or for additional evidence. Smolen, 80 F.3d at 1292. The remand should be for "an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id.

In this instance, the ALJ did not have Plaintiff's current medical and mental health records, and therefore, did not evaluate the treating physician's opinions in concluding that Plaintiff was not disabled. The Court finds that this action should be remanded for the ALJ to consider the additional evidence, further develop the record if necessary, and issue a decision based upon the revised record in this case.

### V.

### CONCLUSION AND RECOMMENDATION

The Court finds that the record was not properly developed at the time the ALJ issued his decision in this matter and the decision is not supported by substantial evidence. Accordingly,

IT IS HEREBY RECOMMENDED that this action be remanded to the Commissioner for further proceedings consistent with this opinion.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these

findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2013**

UNITED STATES MAGISTRATE JUDGE